IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kevin Herriott, ) | |
| ) | C/A No. 6:20-2833-DCN-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Sgt. Bostick, Sgt. Robertson, ) | |
| Sgt. Robinson, Sgt. Myers, ) | |
| Ofc. Brannon, Ofc. Hilton, Sgt. Wright, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for a temporary restraining order ("TRO") (doc. 1). The plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC"), is located in the restricted housing unit ("RHU") at Kirkland Correctional Institution ("Kirkland"). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

This case was opened on August 4, 2020, via the plaintiff's motion for temporary restraining order (doc. 1). The plaintiff has not provided a complaint for review by the court; however, given the emergent premise of the typical TRO motion, the undersigned has considered the plaintiff's specific motion for a TRO here, and as addressed below, recommends it be denied.

In his current motion for a TRO, the plaintiff claims that the defendants have threatened him and retaliated against him for exercising his First Amendment Rights (doc. 1 at 2). In seeking a TRO, the plaintiff asserts that his claims are not yet ripe, because he has not completed the exhaustion process (*id*.). He contends that he is nonetheless entitled to a TRO that removes the defendants from their posts and orders that the plaintiff be transferred (*id*. at 3).

A plaintiff seeking a preliminary injunction or TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

As an initial matter, the undersigned notes that the plaintiff requests relief that the court cannot grant. For example, the court cannot order SCDC to transfer the plaintiff to another prison, because he has no protected constitutional interest in being housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983) (noting that inmates have no right to choose their place of confinement). Moreover, to the extent the

2

plaintiff seeks a TRO terminating or reassigning the defendants, such relief is also not available under the law because this court cannot terminate or reassign the defendants. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980).

Moreover, the plaintiff has not shown that he is likely to succeed on the merits of his claims, as he has provided nothing to substantiate the allegations he makes in his current motion[1] regarding threatening conduct by the defendants. As such, the undersigned recommends denying the plaintiff's motion.

## **RECOMMENDATION**

Based upon the foregoing, the plaintiff's motion for a temporary restraining order (doc. 1) should be denied. **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald  
United States Magistrate Judge

August 7, 2020  
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

---

[1] Although the plaintiff includes an affidavit from him as well as another inmate with his motion, they do not provide substantiation for the plaintiff's assertions, and assert different matters than mentioned in the plaintiff's TRO request, such as alleged tampering with food trays (*see* docs. 1-1; 1-2 at 6).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).